IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eric Johann Nixon, #247519, | ) | C/A NO. 2:07-145-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Derrick W. Applegate; John J. Jones; NFN Oxendine; W. Amick, all named defendants of the Lexington County Sheriff's Department, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Robert S. Carr, filed January 31, 2007. Plaintiff has filed objections to the Report.

Plaintiff, proceeding *pro se*, instituted this action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On January 31, 2007, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process as it was substantially similar to an action filed by Plaintiff against the same Defendants, D.S.C. Civil Action No. 2:06-2560-CMC-RSC, *Nixon v. Applegate, et al*. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections on February 21, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge that this court should not entertain two substantially identical matters. However, Plaintiff's contends in his objections that when he filed this "complaint" in this case, he was attempting to dismiss his suit based upon the South Carolina Tort Claims Act, and proceed under 42 U.S.C. § 1983.[1] *See* Complaint at 1 (where Plaintiff indicates his previous action is being "refiled.") (Dkt. # 1, filed Jan. 16, 2007). Defendants Applegate, Jones, and Amick have filed an answer in C/A 2:06-2560-CMC-RSC. However, the court finds these Defendants would not be prejudiced by the filing of this amended complaint, particularly because their Answer asserts qualified immunity as an affirmative defense.

Therefore, the court directs that this civil action (C/A 2:07-145-CMC-RSC) be **closed**. The court finds that when Plaintiff filed his "complaint" in this action, he was attempting to "refile" or

---

[1] A review of the complaint in C/A 2:06-2560-CMC-RSC reveals that although inartfully pled, the Plaintiff raises constitutional claims that are, on their own strength, adequate to bring that complaint under the purview of 42 U.S.C. § 1983. *See, e.g.*, Complaint at 5 (Dkt. #1, D.S.C. C/A 2:06-2560-CMC-RSC, filed Sept. 14, 2006).

amend the complaint in C/A 2:06-2560-CMC-RSC. Therefore, the court finds that the order directing that Plaintiff pay a filing fee for C/A 2:07-145-CMC-RSC should be **vacated**. This order and the complaint from this matter should be filed in C/A 2:06-2560-CMC-RSC, with the complaint filed as an amended complaint in C/A 2:06-2560-CMC-RSC. Defendants Applegate, Jones, and Amick shall answer this amended complaint within the time provided for in the Federal Rules of Civil Procedure.[2] Defendant "NFN Oxendine" does not appear to have been served with the complaint from C/A 3:06-2560-CMC-RSC. Therefore, Plaintiff shall have until **Friday, March 9, 2007**, to provide the Clerk of Court with an amended summons for issuance to Defendant Oxendine.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 27, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\07-145 Nixon v. Applegate e dismissing case directing complaint filed in 06-2560 as amended complaint.wpd

---

[2] When this order and the "amended" complaint are filed in C/A 3:06-2560-CMC-RSC, counsel for these Defendants will receive a notice of electronic filing, which will alert them to the filing date of the amended complaint and this order.